# EXHIBIT A



# The Law Office of Emily Gomez, LLC

2011 Noble Street
Suite 201
Pittsburgh, PA 15218

Tel: (412) 378-5854
Fax: (412) 357-1564
Email: esg@egomezlaw.com

October 22, 2020

Portfolio Recovery Associates, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Re: **Sherwood v. Portfolio Recovery Associates LLC,  AR-20-003888**

Dear Sir or Madam,

Pursuant to Pa.R.C.P. 403, please find enclosed a copy of the Plaintiff's Complaint filed on October 22, 2020 in the Court of Common Pleas of Allegheny County, Pennsylvania. The above-captioned matter has not yet been scheduled for an arbitration hearing, but a hearing will be held in Room 702 of the Pittsburgh City-County Building, which is located at 414 Grant Street, Pittsburgh PA 15219 on a date yet to be determined.  Service of this Complaint is effective upon receipt.

If you have any questions or concerns, please don't hesitate to contact me.  I can be reached at (412) 378-5854, or by email at esg@egomezlaw.com.

Sincerely Yours,

Emily S. Gomez-Hayes, Esq.

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

JILL SHERWOOD,

           Plaintiff,

    vs.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

           Defendant.

CIVIL DIVISION

CASE NO. AR-20- _3888_

**COMPLAINT**

Filed on Behalf of Plaintiff,
Jill Sherwood

Counsel of Record for this Party:

EMILY S. GOMEZ-HAYES, ESQ.
PA I.D.# 206926

LAW OFFICE OF EMILY GOMEZ, LLC
2011 Noble Street, Suite 201
Pittsburgh, PA 15218
Tel: 412-378-5854
Fax: 412-357-1564
esg@egomezlaw.com

Jury Trial Demanded Upon
Removal or Appeal

2020 OCT 22  AM II: 38
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

JILL SHERWOOD,

            Plaintiff,

      vs.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

          Defendant.

CIVIL DIVISION

CASE NO. AR-20-_____

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSON AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-5555

## HEARING NOTICE

YOU HAVE BEEN SUED IN COURT. The above Notice to Defendant explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defendant, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 416 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, _____ at 9:00 a.m. **IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.**

BY THE COURT:


_____, A.J.


## DUTY TO APPEAR AT ARBITRATION HEARING

If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

**NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing.**

**If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.**

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

JILL SHERWOOD,

        Plaintiff,

        vs.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

        Defendant.

CIVIL DIVISION

CASE NO. AR-20-_____

### COMPLAINT

AND NOW comes the Plaintiff, Jill Sherwood, by and through her attorneys, Emily Gomez-Hayes and the Law Office of Emily Gomez LLC, and makes the following Complaint, asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et. seq.* ("FCEUA"). In support thereof, she states as follows:

### PARTIES

1. Plaintiff Jill Sherwood ("Plaintiff"), is a natural person and resident of Butler County, PA. Ms. Sherwood is a "consumer" as defined by § 1692a(3) of the FDCPA. Prior to 2020, Plaintiff allegedly incurred a financial obligation for personal, family, or household purposes – a "debt" as defined by § 1692a(5) of the FDCPA and § 2270.3 of the FCEUA.

2. Defendant Portfolio Recovery Associates, LLC ("PRA" or "Defendant") is a Delaware limited liability company with a principal place of business in Norfolk, VA. Defendant's primary business is the collection of charged-off consumer debt.

3.  In the ordinary course of business, PRA utilizes the mails and telephone in an effort to collect charged-off debt from consumers in Allegheny County, Pennsylvania. Defendant is a "debt collector" as defined by § 1692(a)(6) of the FDCPA, and the FCEUA, 73 P.S. § 2270.3.

## FACTUAL ALLEGATIONS

4.  On or about June 22, 2020 Defendant appealed an adverse judgment in a collection case it filed against Plaintiff, which bore Case No. MJ-50304-CV-0000093-2020. Exhibit A.

5.  On June 3, 2020, the matter had been heard before Magisterial District Judge David T. Kovach of Cranberry Township, PA, who determined based on the evidence at hand that Plaintiff did not owe Defendant PRA anything.

6.  On or about June 26, 2020, the Butler County Prothonotary assigned the case on appeal to Judge Michael Yeager, and entered a Rule to File Complaint upon Defendant. Id.

7.  In late July 2020, Plaintiff received a 10-Day Notice warning her to file a response to the Complaint on appeal, or risk having a default judgment entered. Exhibit B.

8.  By operation of local rule 1018.1, the 10-Day Notice is supposed to direct recipients in need of legal assistance to both the office of the Butler County Prothonotary, as well as to the Butler County Bar Association as follows:

Office of Prothonotary, Butler County     Butler County Bar Association
300 South Main Street                     240 S. Main Street
Butler, PA 16001                          Butler, PA 16001
(724) 284-5214                            (724) 841-0130

Butler Co. R.C.P. 1018.1.

9.  Instead of complying with the local rule, Defendant's 10-Day Notice directed recipients in need of legal assistance to the PBA Lawyer Referral Service, P.O. Box 186, Harrisburg, PA 17108, Ph: (800) 692-7375. Id.

10. By failing to comply with local rule 1018.1 in this fashion, Defendant intentionally misdirected Plaintiff (as well as other recipients in other cases) to an entity less likely to be able to help callers obtain local representation.

11. Frantic with panic, Plaintiff called the Butler County Prothonotary by looking the phone number up on the paperwork she had previously received in connection with the appeal being filed, to see if she was in danger of having a judgment entered against her.

12. She did not believe she had ever been served with a complaint, but was worried that she was mistaken.

13. As it turns out, and as Plaintiff was able to confirm from the Prothonotary's office, Defendant had not yet filed a complaint at all.  Exhibit A.

14. In late August 2020, Plaintiff again suffered another scare when Defendant sent her a Praecipe for Default Judgment.  Exhibit C.

15. In the Praecipe for Default Judgment, Defendant stated that due to Plaintiff's failure to file a response to the Complaint, she would now have a judgment entered against her in favor of Defendant in the amount of $1,203.05.  Id.

16. Upon seeing the words "Default Judgment," Plaintiff's anxiety went through the roof as she struggled to maintain outward calm.

17. In response, she again called the Butler County Prothonotary, and again confirmed that Defendant still had not bothered to file an actual complaint in the case.  Exhibit A.

18. On information and belief, Defendant tried to file a Certificate of Service with the Prothonotary before actually serving a complaint upon Plaintiff.

19. As such, Defendant's Praecipe for Default Judgment constituted a false representation, as well as one that threatened to take actions that could not legally be taken.

20. As a direct and proximate result of Defendant's conduct, Plaintiff lost significant work time on the phone calling the Butler County Prothonotary to ascertain whether Defendant had obtained, or was about to obtain, a judgment against her.

21. As a direct and proximate result of Defendant's conduct, Plaintiff began experiencing a flare-up of an autoimmune condition that had remained dormant for years.

22. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered from anxiety, embarrassment, stress, and impaired sleep.

## Count I – FDCPA

23. The preceding paragraphs are incorporated herein by reference.

24. The foregoing acts and omissions of Defendant constituted (1) harassment and abuse, (2) false, deceptive and misleading statements, and (3) unfair practices in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692f of the FDCPA.

### *Harassment or Abuse: § 1692d*

25. In relevant part, § 1692d prohibits debt collectors from engaging in:

> "[a]ny conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

15 U.S.C. § 1692d.

26. Black's Law Dictionary defines harassment as:

> "Words, conduct, or action that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in that person and serves no legitimate purpose."

Black's Law Dictionary, 2nd Pocket Ed. 2001.

27. In the instant matter, Defendant's actions constituted harassing conduct in violation of § 1692d because (1) repeatedly making false statements concerning Defendant's ability to obtain a

judgment against Plaintiff, and (2) purporting to take a default judgment when unwarranted, induced substantial alarm, annoyance, and emotional distress in Plaintiff.

28. These actions served no legitimate purpose given that Defendant PRA had not obtained any judgment against Plaintiff, and as such was not entitled to any funds.

29. As a result of Defendant's actions, Plaintiff has suffered such harm as has previously been stated herein.

### *Misrepresenting the Character and Status of a Debt: § 1692e*

30. In relevant part, § 1692e prohibits debt collectors from using:

> "[a]ny false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ......
>
> (2) The false representation of –
>       (A) the character, amount, or legal status of any debt;
>
> ......
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken;
>
> .......
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."
>
> 15 U.S.C. § 1692e.

31. In the instant matter, Defendant's actions violated §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

32. In providing erroneous information about where to obtain legal assistance, Defendant deliberately misled Plaintiff toward searching for legal help where she was less likely to find some, in violation of § 1692e.

33. Defendant further ran afoul of § 1692e and its subsections by (1) sending a 10-Day Notice threatening to take a default, and (2) sending a Praecipe for Default Judgment.

34. By sending a 10-Day Notice, Defendant falsely represented that it had already filed a complaint, and in so doing falsely represented both the legal status of the disputed debt at issue and falsely represented what it could legally do if Plaintiff failed to respond to the unfiled complaint for ten more days.

35. By sending a Praecipe for Default Judgment, Defendant falsely represented: (1) that it had already filed a complaint, (2) the legal status of the disputed debt at issue, and (3) that it was legally entitled to take a default.

36. As a result of Defendant's actions, Plaintiff has suffered such harm as has previously been stated herein.

### *Unfair or Unconscionable Means: § 1692f*

37. In relevant part, § 1692f prohibits debt collectors from engaging in:

> "[u]nfair or unconscionable means to collect or attempt to collect a debt.

> 15 U.S.C. § 1692f.

38. Black's Law Dictionary defines unconscionable as:

> "[S]howing no regard for conscience; affronting the sense of sense of justice, decency, or reasonableness."

> Black's Law Dictionary, 2nd Pocket Ed. 2001.

39.  In the instant matter, Defendant's actions constituted unconscionable conduct in violation of §1692f because attempting to take a default judgment against a consumer, without the right to do so and without having informed the consumer of the basis of the claims, offends a reasonable person's sense of justice and decency.

40. As a result of Defendant's actions, Plaintiff has suffered such harm as has previously been stated herein.

41. Due to the foregoing violations of 15 U.S.C. §§ 1692d, 1692e and 1692f, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of up to $1000.00 pursuant to § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to § 1692k(a)(3).

### Count II – FCEUA

42. The preceding paragraphs are incorporated herein by reference.

43. The foregoing acts and omissions of Defendant constituted violations of 73 P.S. § 2270.4(a) of the FCEUA, based on Defendant's violations of 15 U.S.C. §§ 1692d, 1692e and 1692f of the FDCPA.

44. Violations of the FCEUA in turn constitute per se violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), pursuant to 73 P.S. § 2270.5(a).

45. As a result of these violations, Plaintiff is entitled to up to three times her damages, costs, and attorneys' fees pursuant to 73 P.S. § 201-9.2 of the UTPCPL.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jill Sherwood respectfully requests that this Court:

A.    Declare that the Defendant's actions violated the FDCPA and the FCEUA;

B.    Enter judgment in favor of Plaintiff for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k of the FDCPA, and § 201-9.2 of the UTPCPL; and

C.    Grant any further relief as deemed just.

**JURY DEMAND**

Plaintiff demands a trial by jury upon removal or appeal.

**ARBITRATION LIMITS**

This matter is filed within the court's Arbitration Limits.

Respectfully submitted,

LAW OFFICE OF EMILY GOMEZ, LLC

Emily S. Gomez-Hayes, Esq.
PA I.D. #206926
2011 Noble Street, Suite 201
Pittsburgh, PA 15218
Tel: 412-378-5854
Fax: 412-357-1564
esg@egomezlaw.com
*Counsel for Plaintiff*

## VERIFICATION

I, Jill Sherwood, have read the foregoing Complaint, and affirm that the facts asserted therein are true and correct to the best of my knowledge, information, and belief. This verification is made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

19 October 2020
Date

Jill Sherwood

# EXHIBIT A

```
PYS511                 Butler County Prothonotary's Office          Page    1
                              Civil Case Print
```

2020-10468  PORTFOLIO RECOVERY ASSOCIATES (vs) JILL SHERWOOD

```
Reference No..:                                Filed........:    6/22/2020
Case Type.....: CIVIL APPEALS - JUDICI         Time.........:         1:27
Judgment......:               00               Execution Date   0/00/0000
Judge Assigned: DR S MICHAEL YEAGER            Jury Trial...
Disposed Desc.:                                Disposed Date.   0/00/0000
------------ Case Comments -------------       Higher Crt 1.:
                                               Higher Crt 2.:
```

```
**************************************************************************
       General Index                              Attorney Info
```

```
PORTFOLIO RECOVERY ASSOC LLC        PLAINTIFF      CARRUCOLI MICHAEL A
C/O SCOTT & ASSOCIATES PC                          VOLK MICHAEL B
6 KACEY COURT SUITE 203
MECHANICSBURG PA  17055

SHERWOOD JILL                       DEFENDANT
131 CHADBORNE CT
CRANBERRY TOWNSHIP PA  16066
```

```
**************************************************************************
*  Date      Entries                                                     *
**************************************************************************
```

|  Date | Entries |
|---|---|
| | - - - - - - - - - - - FIRST ENTRY  - - - - - - - - - - - |
| 6/22/2020 | SUPREME COURT OF PENNSYLVANIA CIVIL COVER SHEET |
| 6/22/2020 | NOTICE OF APPEAL FROM DISTRICT JUSTICE JUDGMENT |
| 6/26/2020 | JUDGE DR S MICHAEL YEAGER ASSIGNED TO CASE MANUALLY |
| 6/26/2020 | PROOF OF SERVICE OF NOTICE OF APPEAL AND RULE TO FILE COMPLAINT |
| 6/26/2020 | RE: RETURN OF DOCUMENT |
| 6/30/2020 | ORDER OF COURT DATED 6/26/20 IT IS ORDERED CASE IS ASSIGNED TO HONORABLE DR S MICHAEL YEAGER |
| 6/30/2020 | The Prothonotary of Butler County, Pennsylvania hereby certifies that a copy of the foregoing Order of Court was mailed to: CARRUCOLI MICHAEL A; SHERWOOD JILL on Tuesday, June 30, 2020, by first class mail, postage prepaid. |
| 7/27/2020 | RE: RETURN OF DOCUMENT LAWYER REFERRAL ADDRESSES ON IMPORTANT NOTICE IS INCORRECT.  THE ATTORNEY'S SIGNATURE NEEDS TO BE ORIGINAL INK SIGNATURE |
| 8/04/2020 | RE: RETURN OF DOCUMENT |
| 8/12/2020 | RE: RETURN OF DOCUMENT - COMPLAINT HAS NOT BEEN FILED IN THIS CASE AND NOTICE NEEDS TO INCUDE THE BUTLER COUNTY PROTHONOTARY'S ADDRESS |
| 8/24/2020 | RE: RETURN OF DOCUMENT COMPLAINT NEEDS TO BE FILED CANNOT FILE A CERTIFICATE OF SERVICE BEFORE THE COMPLAINT  LAWYER REFERRAL IS ALSO INCORRECT |
| 10/02/2020 | COMPLAINT IN CIVIL ACTION |
| 10/02/2020 | CONFIDENTIAL INFORMATION FORM |
| 10/02/2020 | EXHIBITS |
| 10/14/2020 | IN RE: CERTIFICATE OF SERVICE DATE NEEDS CORRECTED |
| | - - - - - - - - - - - - LAST ENTRY  - - - - - - - - - - - |

```
**************************************************************************
*                          Escrow Information                           *
* Fees & Debits            Beg Bal  Pymts/Adj      End Bal               *
**************************************************************************
```

| Fees & Debits | Beg Bal | Pymts/Adj | End Bal |
|---|---|---|---|
| TAX ON APPEAL | .25 | .25 | .00 |
| JCS/ATJ | 40.25 | 40.25 | .00 |
| APPEAL | 138.00 | 138.00 | .00 |

PYS511                    Butler County Prothonotary's Office                Page      2
                                    Civil Case Print

2020-10468   PORTFOLIO RECOVERY ASSOCIATES (vs) JILL SHERWOOD

```
Reference No..:                                          Filed........:     6/22/2020
Case Type.....: CIVIL APPEALS - JUDICI                   Time.........:          1:27
Judgment......:              .00                         Execution Date      0/00/0000
Judge Assigned: DR S MICHAEL YEAGER                      Jury Trial....
Disposed Desc.:                                          Disposed Date.     0/00/0000
----------- Case Comments -------------                  Higher Crt 1.:
                                                         Higher Crt 2.:
    PRO AUTOMATION                   5.00        5.00          .00
                           --------------------  --------  ------------
                              183.50      183.50          .00
```

```
*********************************************************************************
*             End of Case Information                                          *
*********************************************************************************
```

# EXHIBIT B

# SCOTT & ASSOCIATES, P.C.

*Alabama · California · District of Columbia ·Maryland*
*New York · Pennsylvania · South Carolina · Tennessee · Texas · Virginia*
Attorneys at Law

helpdesk@spalaw.com

Payments
PO Box 115220
Carrollton, TX 75011-5220

Pennsylvania Office
6 Kacey Court, Suite 203
Mechanicsburg, PA 17055

**Toll Free: (866) 298-3155**

Hours of Operation (CST)
Monday-Friday:
8:00 AM-6:00PM

## JUL 1 5 2020

Ms. Jill Sherwood
131 Chadborne Ct
Cranberry Township, PA 16066

Re:     *Portfolio Recovery Associates, LLC v. Jill Sherwood*
Our File No. 1617796
Docket No. 20-10468

Dear Ms. Sherwood;

Enclosed herein please find a 10-Day notice pursuant to Rule 237.1 of the Pennsylvania Rules of Civil Procedure.

Respectfully,
Scott & Associates, P.C.



✔ Michael B. Volk, Esq. #88553
___Michael A. Carrucoli, Esq. #90584
___Ilana Zion , Esq. #87137
___Patricia A. Blair, Esq. #326633
Counsel for Plaintiff
6 Kacey Court, Suite 203
Mechanicsburg, PA 17055
(866) 298-3155

Enclosures

**LEGAL NOTICE**
**PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

S&A# 1617796

S&A Form

**IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA**

PORTFOLIO RECOVERY
ASSOCIATES, LLC

     Plaintiff

vs.                           **CASE NO: 20-10468**

JILL SHERWOOD

     Defendant

DATE OF NOTICE: JUL 1 5 2020

### IMPORTANT NOTICE

     YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

     IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PBA Lawyer Referral Service
P.O. Box 186
Harrisburg, PA 17108
Ph: (800) 692-7375

S&A# 1617796

**S&A File No. 1617796**
**In re: Portfolio Recovery Associates, LLC vs. Jill Sherwood**


Butler County Court of Common Pleas
300 S Main St
1st Floor County Courthouse
Butler, PA 16003


PLEASE SEND ALL DOCUMENTS AND COMMUNICATIONS
TO COUNSEL FOR PLAINTIFF AT:
SCOTT & ASSOCIATES PC
6 KACEY COURT, SUITE 203
MECHANICSBURG, PA 17055

## Filing of Judgment

## INSTRUCTIONS

- Please file the enclosed Judgment documents and return a time-stamped copy to our office in the envelope provided.


Thank you for your assistance in this matter.


CC:   Jill Sherwood

131 Chadborne Ct

Cranberry Township, PA 16066

*For Court Inquires Only: (717) 610-6612*

**IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVAN...**

PORTFOLIO RECOVERY
ASSOCIATES, LLC

     Plaintiff

vs.                       **CASE NO.  20-10468**

JILL SHERWOOD

     Defendant

## NOTICE OF JUDGMENT

Notice is hereby given that a Judgment in the above-captioned matter has been entered against you as follows:

| | |
|---|---|
| Principal less payments received | $1,203.05 |
| Interest | $0.00 |
| Attorney's Fees | $0.00 |
| TOTAL | $1,203.05 |

plus court costs of $307.75 and waiving all post-judgment interest.

Now, _____ 20____ JUDGMENT IS ENTERED AS ABOVE.

                         _____

                         Prothonotary/Clerk, Civil Division

I certify that the name and address of the proper person to receive this notice under Pa.R.Civ.P 236 is:

Jill Sherwood
131 Chadborne Ct
Cranberry Township, PA 16066

                         Respectfully Submitted,

                         By: _____
                         ____Michael B. Volk, Esq. #88553
                         ____Michael A. Carrucoli, Esq. #90584
                         ____Ilana Zion , Esq. #87137
                         ____Patricia A. Blair, Esq. #326633
                         **SCOTT & ASSOCIATES, P.C.**
                         Counsel for Plaintiff
                         6 Kacey Court, Suite 203
                         Mechanicsburg, PA 17055
                         **Telephone: (866) 298-3115**

*For Court Inquires Only: (717) 610-6612*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: _____Attorney for Plaintiff_____

Signature: _____

Name: ___Michael B. Volk, Esq. #88553

___Michael A. Carrucoli, Esq. #90584

___Ilana Zion, Esq. #87137

___Patricia A. Blair, Esq. #326633

Attorney No. (if applicable): _____

Rev. 7/2018

S&A Form TempFile.wpd

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d)(1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.